## WOODMAN *v.* PRESCOTT.

To constitute probable cause for a criminal prosecution the prosecutor need not act from public motives.

CASE, for malicious prosecution. The plaintiff claimed that the defendant wilfully and maliciously procured an indictment against him for larceny. Among other things, the court instructed the jury that in order to entitle the plaintiff to recover, the burden was upon him to prove that the prosecution was instituted maliciously and without probable cause, and that both these must concur; that probable cause for a criminal prosecution is such conduct on the part of the accused as may induce the belief that the prosecution was undertaken from public motives; that in the present case the plaintiff claimed, and his evidence tended to show, that the defendant obtained the indictment for larceny against him to coerce him and his friends to pay the defendant a private debt which the plaintiff owed him, and not from public motives; while the defendant claimed, and his evidence tended to prove, that he acted in good faith, from public motives, and prosecuted the plaintiff because he thought him guilty; that if the defendant prosecuted the plaintiff, thinking him guilty, as he claimed, and for the reasons his evidence tended to prove, it would constitute a probable cause; on the contrary, if he did not, but prosecuted the plaintiff to obtain payment of his debt, as the plaintiff's evidence tended to prove, it would be without probable cause.

The defendant excepted to the charge, and requested the court to instruct the jury that "probable cause is where such a state of facts exists in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain, an honest and strong suspicion that the person arrested is guilty." The court denied the request, and the defendant excepted.

*C. Page*, for the plaintiff.

*J. Kivel* and *Marston & Eastman*, for the defendant.

SMITH, J.  To constitute probable cause for a criminal prosecution, the prosecutor need not act from public motives. It is sufficient if he has such information and knowledge of such facts as would lead a man of ordinary caution and prudence to entertain an honest belief that the accused was guilty. The instructions requested were correct, and were approved in *Eastman* v. *Keasor*, 44 N. H. 518, 520. The instructions given required the jury, in order to return a verdict for the defendant, to find that he instituted the prosecution, not only because he thought the defendant guilty, but that he acted from public motives. For error in the instructions the verdict must be set aside.

*Exceptions sustained.*

BINGHAM, J., did not sit: the others concurred.