Hillsborough,
No. 4327.

FRED PERREAULT *v.* MARY LYONS *& a.*

Argued June 2, 1954.
Decided July 1, 1954.

*Morris D. Stein* and *Nicholas Pantelas* (*Mr. Pantelas* orally), for the plaintiff.

*Albert Terrien* (by brief and orally), for the defendants.

DUNCAN, J. The implied finding of the Justice who presided at the jury trial of this action that the verdict was conclusively against the weight of the evidence cannot be held unreasonable as a matter of law (*Wisutskie* v. *Malouin*, 88 N. H. 242, 246), and the exception is overruled insofar as it relates to the order setting

aside the verdict. *Hosmer* v. *Federico*, 89 N. H. 378, 380. As the reserved case indicates the action was previously remanded "so that this Court [the Trial Court] could pass on the question of the weight of the evidence." While no express findings were made, the plain implication of the order excepted to is that the Court considered that the verdict was against the weight of the evidence. The issue presented by the motion was "whether there was such a preponderance of evidence in favor of the moving party as to justify a finding of passion, prejudice, partiality, corruption or plain mistake." *Bennett* v. *Larose*, 82 N. H. 443, 447. Suits for malicious prosecution are notorious for their capacity to mislead juries, particularly on the issue of probable cause, which was a principal issue in the case. The difficulty, after an acquittal, of appraising the situation as it appeared to the defendants before the criminal proceedings were instituted is so great as to have given rise to the exceptional doctrine that the question of probable cause, as distinguished from that of the credibility of the evidence of surrounding circumstances (*Cohn* v. *Saidel*, 71 N. H. 558, 563) is one of law for the Trial Court. *Simpson* v. *Montgomery Ward & Co.*, 354 Pa. 87, 92; IX Wig. Ev. (3rd *ed.*) *s.* 2554; Restatement, Torts, *s.* 673; 54 C. J. S., Malicious Prosecution, *s.* 97. We cannot say that the Court below was not warranted in finding that the verdict was the result of partiality or mistake, nor may we substitute our judgment for that of the Justice who heard and saw the witnesses and submitted the issues to the jury. *Wisutskie* v. *Malouin, supra,* 243, 245.

The question of whether it was error to order a directed verdict for the defendants presents a more difficult problem. The issues presented by an action for malicious prosecution are well established. In this case there was no dispute that criminal proceedings had been instituted against the plaintiff by formal action on the part of a proper official or tribunal (*Blenn* v. *Morrill,* 90 N. H. 109, 110), since the plaintiff was indicted by grand jury for the offense of larceny of property of the defendant Lyons, after having been bound over on complaint to the municipal court. It was likewise beyond dispute that the proceedings terminated in the plaintiff's favor, by acquittal, before this action was instituted. See *Woodman* v. *Prescott,* 66 N. H. 375. The defendants raised no question of the sufficiency of the evidence to take the case to the jury (*Perreault* v. *Lyons,* 98 N. H. 317, 318, *supra*), and the issues of whether they instigated the criminal proceedings, and if so, whether

they did so without probable cause, and out of malice, were submitted to the jury without exception. "The existence of malice is always exclusively a question for the jury, and so is the question of probable cause so far as it is dependent upon the credibility of the evidence which has been given to prove or disprove its existence." *Cohn* v. *Saidel*, 71 N. H. 558, 563, *supra*. The issue of probable cause was properly defined by the Court in the language of *Woodman* v. *Prescott*, 65 N. H. 224, 225: "It is sufficient if he (that is, the defendant) has such information and knowledge of such facts as would lead a man of ordinary caution and prudence to entertain an honest belief that the accused was guilty." See also, *Eastman* v. *Keasor*, 44 N. H. 518, 520; *Krol* v. *Plodick*, 77 N. H. 557, 558.

The evidence upon the last three issues was in conflict. The plaintiff's evidence tended to prove that the defendants notified the chief of police that the plaintiff had stolen chickens belonging to the defendant Lyons, and that they wanted him "picked up." The defendants' evidence, which included the testimony of the sheriff and the police, tended to show that the criminal proceedings were instituted solely in the discretion of these officials after independent investigation, and that neither defendant signed the complaint in municipal court. *Cf.* Restatement, Torts, s. 653, *comment* b; *Blenn* v. *Morrill*, 90 N. H. 110, *supra*. The same testimony however disclosed that the defendant Lyons complained of the plaintiff in the hope of restitution, and that the officers relied upon the statement of one or both defendants identifying the chickens as property of the defendant Lyons. Conflicting inferences were possible as to each of the three issues of malice (Restatement, Torts, s. 668, *comment* g, s. 669), probable cause, and instigation of the prosecution. Each issue turned in large part upon the credibility of witnesses.

It is true that the burden was upon the plaintiff "to make it appear . . . that the defendants did not have reasonable or probable grounds for instituting their actions against him" and that "the nominally negative character" of this issue "did not make it any less the duty of the plaintiff to prove it by legitimate evidence." *Cohn* v. *Saidel, supra*, 567. See IX Wig. Ev. (3rd *ed.*) s. 2539. But since the plaintiff's evidence would permit a finding that the criminal prosecution was instigated by the defendants, and motivated by a desire for restitution, the burden of going forward with evidence of probable cause and lack of malice was shifted to and

undertaken by the defendants. *Van Sant* v. *American Express Co.,* 169 F. (2d) 355. See anno., 139 A. L. R. 1088.

Upon this state of the record we are of the opinion that the Trial Court could not properly take the case from the jury by directing a verdict or entering judgment for the defendants. There being no question raised as to the sufficiency of the evidence to warrant submission of the case to the jury, "the court has no right, and will not undertake, to pass upon the credibility of the evidence, with all the inferences which the jury could justifiably draw from it, in respect to these requirements" of showing malice and probable cause. *Cohn* v. *Saidel, supra,* 563. This is so although the ultimate question of whether there was probable cause is one for the court, to be determined either upon special verdicts of the jury or by appropriate instructions indicating what circumstances would and what would not establish probable cause. Restatement, Torts, *s.* 673 at *p.* 437; *Simpson* v. *Montgomery Ward & Co.,* 354 Pa. 87, 97-99, *supra.*

In *Van Sant* v. *American Express Co.,* 169 F. (2d) 355, *supra,* a directed verdict for the defendant was set aside under comparable circumstances. The Court there said that "since there is reasonable basis in the record for inferences to be drawn that the prosecutions were made for the hope of private gain, end or advantage, we do not believe it was within the province of the trial court to weigh the conflicting inferences and substitute its judgment to that which should be rendered by a jury." *Id.,* 368. Accordingly, a prior opinion upholding the lower court's judgment (158 F. (2d) 924) was vacated.

A similar view was taken in *Cohn* v. *Saidel,* 71 N. H. 558, *supra,* with respect to the defendants' contention that a verdict should be ordered in their favor because the evidence conclusively established probable cause. "As the questions of the defendants' knowledge or information and of their purpose or intent, when they brought their actions against the plaintiff, depend upon evidence not admitted to be true, their determination was within the special province of the jury." *Id.,* 572.

We are of the opinion that a similar course should be followed in this case. The order for a directed verdict in favor of the defendants is therefore vacated, and the order is

*New trial.*

All concurred.