Rockingham,
No. 5585.

THOMAS T. MACRAE

*v.*

PAUL R. BRANT.

Argued March 8, 1967.
Decided June 30, 1967.

*Fisher, Parsons, Moran & Temple* ( *Mr. Harold D. Moran* orally ), for the plaintiff.

*William W. Treat* for the defendant, filed no brief.

LAMPRON, J. For some months prior to June 5, 1962, the plaintiff had been employed at the Portsmouth Naval Shipyard. He resided in Franklin but during the week occupied a mobile home in North Hampton, a short distance from defendant's filling station in Rye. During that period plaintiff purchased gasoline from defendant on several occasions and paid for it by cash or check.

On June 5, 1962, plaintiff stopped there and had an employee of the defendant put gas and oil in his car in the amount of $5.46. The master properly found that plaintiff told the attendant he wanted a receipt so he could check his mileage and that although plaintiff had not then paid for the gas and oil the attendant gave him the receipt requested. When offered in evidence, there appeared on the back of this receipt a mileage computation which plaintiff testified was made by him. The master also found that the attendant then served another customer and when he went back to collect from the plaintiff he was in the process of leaving the station without paying for the gas and oil he had received. The attendant whistled at him but plaintiff did

not respond and continued on his way. Defendant was then advised by his employee that plaintiff had left without paying his bill.

On the same day, Tuesday, June 5, 1962, the defendant tried unsuccessfully to reach plaintiff's residence and telephoned the Portsmouth Naval Shipyard, where he knew plaintiff was employed, and left a message for him to call. Plaintiff did not work until Friday and became aware for the first time at 12:30 A.M. on Saturday after his day's work that defendant was looking for him. However, on that Friday defendant, not having heard from plaintiff, signed a complaint for larceny with the Rye police and a " pick up " order for the plaintiff followed.

Plaintiff learned of this order on his arrival at his residence in Franklin early Saturday morning. After learning the details from the Franklin police he went to Rye and at the trial, on June 16, 1962, at which he appeared *pro se,* was found guilty of the charge of larceny. He appealed to the Superior Court and on October 29, 1963, the day set for trial, the defendant did not appear and the Presiding Justice entered the following order: " Dismissed for lack of prosecution. "

The defendant had gone to Arizona in September 1963 and did not receive notice in time to be aware of the October 29 hearing date. The master found that defendant " thought that this appeal would be prosecuted by the County Attorney. " After learning of the dismissal, defendant filed a motion, on December 13, 1963, to reinstate the complaint. No action on this motion had been taken by the Superior Court at the time of the hearing in the present case.

The essence of an action for malicious prosecution has been stated succinctly as follows: " A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. " *Munoz* v. *New York,* 271 N.Y.S. 2d ( Ct. of App. ) 645, 648.

If defendant can prove that the plaintiff is guilty of the charge made against him, plaintiff cannot successfully maintain an action for malicious prosecution. Prosser, Torts ( 3d *ed* ), *s.* 113, *pp.* 858, 859; 1 Harper and James, The Law of Torts, *s.* 4.4, *pp.* 307, 310. Hence the requirement that plaintiff must prove that the criminal proceedings finally ended in his favor. *Cohn* v. *Saidel,* 71 N. H. 558, 565; *Neumann* v. *Ellars,* 75 Ill. App. 2d 394; Restatement, Torts, *s.* 672.

Although the plaintiff in this case was found guilty of larceny

after trial in the Rye municipal court, his appeal to the Superior Court vacated that judgment and transferred the whole proceeding to that court to be tried *de novo*. *State* v. *Green*, 105 N. H. 260, 261. The dismissal of this appeal for lack of prosecution, which was still in effect, constituted a sufficient termination in favor of the plaintiff of the criminal complaint brought against him to support an action for malicious prosecution. *Cook* v. *Lanier*, 267 N. C. 166, 170; Restatement, Torts, *s.* 659.

However to maintain his action successfully, plaintiff had the further burden of proving that the defendant acted without probable cause and maliciously in bringing the criminal charge against him. *Cohn* v. *Saidel*, 71 N. H. 558, 565; *Neumann* v. *Industrial Sound Engineering*, 143 N.W. 2d 543, 546. This burden was assumed by the plaintiff and remained with him during the whole trial even though the burden of going forward with evidence on these issues might have shifted to the defendant at a certain point in the trial. *Cohn* v. *Saidel, supra,* 566, 567, 570; *Perreault* v. *Lyons*, 99 N. H. 169, 171, 172.

" Probable cause 'is defined to be such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty.'" *Cohn* v. *Saidel, supra*, 567. It " does not depend upon the guilt or innocence of the accused of the crime charged . . . but depends on the prosecutor's honest belief in such guilt based on reasonable grounds " at the time the charge is initiated. *Cook* v. *Lanier*, 267 N.C. 166, 170; *Cohn* v. *Saidel, supra*, 568; *Munoz* v. *New York, supra*; Prosser, Torts ( 3d *ed.* ) *s.* 113, *p.* 860.

The existence of probable cause is a question of law for the ultimate determination of the Court. *Perreault* v. *Lyons*, 99 N. H. 169, 172; *Gladfelter* v. *Doemel*, 2 Wis. 2d 635, 641. However, where, as in this case, the facts were in dispute as to whether defendant's actions might have been motivated primarily by a desire to collect a private debt instead of by the socially encouraged purpose of bringing about the prosecution of one reasonably suspected of crime, the issue of probable cause became a mixed one of law and fact. *Perreault* v. *Lyons, supra; Banks* v. *Montgomery Ward & Co.,* 212 Md. 31, 42; *Curley* v. *Automobile Finance Co.,* 343 Pa. 280, 283; Annot. 87 A.L.R. 2d 183.

Considerable controversy exists as to the effect of the disposition

of the criminal proceeding itself as evidence of the existence or absence of probable cause. Prosser, Torts ( 3d *ed.* ) *s.* 113, *p.* 864; Annot. 59 A.L.R. 2d 1413. We are of the opinion that on the facts of this case it was not proper to take one position, which the master adopted, that a conviction is conclusive evidence of probable cause unless obtained by fraud or similar means. The reason is that, although the plaintiff was convicted of the charge of larceny in the municipal court, his appeal therefrom, vacated this conviction ( *State* v. *Green,* 105 N. H. 260, 261 ), and the complaint was dismissed by the Superior Court for lack of prosecution. Restatement, Torts, *s.* 665 ( 1 ). However we agree with the alternative position taken by the master that the conviction in the Rye court created a rebuttable presumption in favor of the defendant that probable cause existed for the larceny complaint he brought against the plaintiff. Prosser, Torts ( 3d *ed.* ) *s.* 113, *p.* 865; Annot. 86 A. L. R. 2d 1090, 1104.

Malice on the part of the defendant is another essential element of an action for malicious prosecution. It is said to exist when the primary purpose in instituting the criminal proceeding was not to bring an offender to justice, but was, on the contrary, ill will, personal hostility, or to obtain a personal advantage. *Banks* v. *Montgomery Ward & Co.,* 212 Md. 31, 38; Restatement, Torts, *s.* 668; 1 Harper and James, The Law of Torts, *s.* 4.6, *p.* 320. See *Visco* v. *First National Bank of Arizona,* 3 Ariz. App. 504, 507.

Defendant testified that he instituted the charge of larceny against the plaintiff " with the idea . . . to be paid . . . for the purpose of procuring payment. " As this evidence could sustain a finding that the prosecution was motivated by a desire for restitution it placed on the defendant the burden of going forward with evidence of probable cause and lack of malice. *Perreault* v. *Lyons,* 99 N. H. 169, 171; Annot. 139 A.L.R. 1088. The defendant, after testifying that he tried from Tuesday to Friday to contact the plaintiff about the incident and being unsuccessful went to the police station on the advice of an officer, also testified as follows: " I asked what to do in the case. I explained about the phone calls, and everything else, and not being able to contact him in Franklin, and the Police says something like you are hooked, and the best thing you can do is get out a warrant and pick him up. The guy is going to slip out. That sounded right to me. As I said I went to the Court, and the Rye Police informed

me it was a Civil matter, and I couldn't understand that because if you get caught shoplifting it is not a Civil matter."

Defendant also testified that in the message he left at the Naval Shipyard for the plaintiff he very carefully "retracted from saying other than he [plaintiff] forgot to pay because I worked for the Government for fourteen years, and I know about those things." He also testified that his absence from the court when plaintiff's appeal was set for hearing was the result of a misunderstanding "I still had an interest in the case." There was evidence that when he learned that the appeal had been dismissed he filed a motion to have it reinstated.

The master granted the following defendant's requests:

"5. That the defendant, in complaining of the plaintiff's criminal actions, was not motivated solely and primarily by a desire for restitution."

"8. That the defendant has, through his own evidence, proved that there was a lack of malice and that probable cause existed."

"7. That the plaintiff has failed to sustain his burden of proving malice and a lack of probable cause."

In his report the master found and ruled on all the evidence "that the plaintiff did not present competent evidence sufficient to rebut this presumption of probable cause which arose from the conviction" in Rye municipal court.

We hold that these findings and rulings were warranted by the evidence and that the verdict for the defendant recommended by the master and approved by the Court was proper.

*Judgment for the defendant.*

All concurred.