New London District Court
No. 6997

STATE OF NEW HAMPSHIRE

v.

ROBERT HILL

January 31, 1975

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*McSwiney & Jones (Mr. F. Graham McSwiney* orally) for the defendant.

GRIMES, J. The issue in this case is whether defendant may be convicted of being an accomplice to theft under RSA ch. 637 on the complaint brought against him. The district court denied defendant's motion to dismiss and the questions of law raised thereby were transferred by *Shovan,* J., on an agreed statement of facts.

The complaint charged defendant with "Theft of Services" in that he was "purposely an accomplice to theft of services in that he did aid and assist Kevin Reilly in the removal of a 1960 V/W sedan . . . from the custody and control of Main Street Texaco Inc., New London, while the said Kevin Reilly did owe $25.00 to said

Main Street Texaco Inc. for towing charges, such removal designed to avoid payment for said services."

According to the agreed statement of facts, Reilly while proceeding on Route 11 in the town of New London ran out of gas. He pulled over to the side of the road, parked the car and went to obtain gasoline. When he returned, the car was gone. In the meantime, the police had discovered the car and, it being a dark, foggy evening, had the Texaco station remove the car to avoid the possibility of an accident. The next day, July 6, 1974, Reilly learned what had happened and went to the Texaco station but was told he could not take his car until he paid a $25 towing charge. He said the charge was too high and that he only had $15, but was not permitted to take the car. "In the early morning of July 7, 1974, Reilly with three others including the defendant, went to the parking lot near the Texaco Station where the automobile was parked and took Reilly's automobile".

RSA 637:8 provides that a person commits theft if he "obtains services which he knows are available only for compensation by deception, threat, force or any other means designed to avoid the due payment therefor". The State in its brief admits that Reilly's conduct as a matter of law did not constitute a theft of services under RSA 637:8 because he could not be found to have obtained the services even though under RSA 266:1 he was liable for the towing charge. The State contends, however, that on the same complaint and evidence, given the requisite knowledge and intent, defendant can be convicted of theft under RSA 637:3 "Theft by Unauthorized Taking or Transfer". That section provides in part that "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof."

RSA 637:1 provides that "Conduct denominated theft in this chapter constitutes a single offense . . . . An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information". RSA 637:2 IV defines property of another as including "property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property . . . . Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement".

RSA 266:3 gave Texaco a lien on the Reilly car for its charges of towing and storage. This was an interest in the car which Reilly was "not privileged to infringe" (RSA 637:2 IV), even though Texaco had only a security interest because the property was not "in possession of the actor [defendant]" but was rather in possession of the creditor. The taking therefore constituted a theft under RSA 637:3 for which defendant may on proper evidence be convicted even though a different manner of commission was specified in the complaint. RSA 637:1.

Defendant contends that RSA 266:3 which creates the lien is unconstitutional as applied to him and relies on *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969) and *Fuentes v. Shevin*, 407 U.S. 67 (1972). We hold otherwise. *Sniadach* involved the attachment of wages without notice or hearing and is inapplicable to the situation here. *Fuentes* involved the taking of possession of household goods by a creditor on a writ of replevin issued without prior notice or hearing and without showing of right or need. Not only has *Fuentes* been limited by *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), but the *Fuentes* Court recognized that there were extraordinary situations which would justify a summary seizure of property. Such seizure has been allowed when necessary to secure an important governmental or general public interest, when there has been need for prompt action and when the State has kept strict control over the force, as where a governmental official has been responsible for determining under statutory standards that seizure was necessary.

It appears to us that these requirements are met by RSA ch. 266. Section 1 authorizes certain specified governmental officials to take into their custody and have taken away and stored in a suitable place any motor vehicle which is apparently abandoned or has been involved in an accident and is a menace to traffic. The lien created by section 3 is to secure the cost of such removal and storage. In the case before us, the officers determined that the Reilly vehicle was a menace to traffic and had it removed, and the lien grew out of this official action by governmental agents. This therefore is an entirely different case from either *Sniadach* or *Fuentes* where the seizure was for private gain and without any showing of special need. We therefore hold that RSA ch. 266 is not unconstitutional as applied to this defendant.

It appeared from oral argument that Reilly has paid all the disputed charges. Although we have upheld the complaint in this

case, nothing in this opinion is intended to prohibit the attorney general's office from exercising its discretion under the circumstances to enter a nolle prosequi of the complaint.

*Exception overruled; remanded.*

All concurred.