Belknap
No. 80-345

## C. Edgar Hogan

v.

## Robert H. Irwin Motors, Inc.

August 10, 1981

*Murphy & McLaughlin P.A.*, of Laconia (*Philip T. McLaughlin* on the brief and orally), for the plaintiff.

*Snierson, Chandler & McKean*, of Laconia (*Bernard I. Snierson* on the brief and orally), for the defendant.

DOUGLAS, J.   The defendant in this malicious prosecution case appeals: (1) the trial court's refusal to grant its motion for a directed verdict based on its argument that it had established that it had probable cause to bring a complaint against the plaintiff because it had relied on the advice of counsel; (2) the trial court's refusal to give certain jury instructions; and (3) the jury's damage award of $25,000. We affirm.

In September 1977, the plaintiff, C. Edgar Hogan, had his car towed to the garage of the defendant, Robert H. Irwin Motors, Inc., because it had developed a leak. The defendant performed certain repairs on the plaintiff's car for which it sought to charge

him $174.79. When the plaintiff came to pick up the car, he disputed the amount of work done and the total of the bill. He attempted to speak with the owner of the garage, but was told that the owner had just left. Rather than discussing the bill with any of the defendant's employees, the plaintiff used a second set of keys to take his car from the defendant's premises.

After the plaintiff had taken his car, the defendant's credit manager called an attorney and told him that a man who had had repairs done on his car had just taken the car without paying the bill. The attorney advised the credit manager to let the police handle the matter. When the credit manager telephoned the police, an officer advised her to call the plaintiff and demand payment and, if she did not receive payment, to file a formal complaint. The credit manager followed that advice, and on September 9, 1977, the defendant filed with the Laconia Police Department an inartfully drawn complaint charging the plaintiff with theft of services contrary to RSA 637:4 and :8. See State v. Hill, 115 N.H. 37, 332 A.2d 182 (1975).

On the basis of that complaint, the plaintiff was arrested on September 25, 1977, and arraigned the following day in Laconia District Court. After a trial on October 6, 1977, the plaintiff was found not guilty of the crimes charged.

The plaintiff then brought this malicious prosecution action against the defendant. After a trial before *Batchelder*, J., on June 9, 1980, the jury found for the plaintiff, awarding him $25,000 in damages. The defendant appeals.

■ "To succeed in an action for malicious prosecution, the 'plaintiff must prove that he was subjected to a criminal prosecution instituted by the defendant without probable cause and with malice, and that the criminal proceeding terminated in his favor.'" *Stock v. Byers*, 120 N.H. 844, 846, 424 A.2d 1122, 1123 (1980) (quoting *Robinson v. Fimbel Door Co.*, 113 N.H. 348, 350, 306 A.2d 768, 769 (1973)). The defendant argues that it had established probable cause in instituting the action against the plaintiff because it had relied on the advice of an attorney and that, therefore, the trial court erred in refusing to grant its motion for a directed verdict.

■ The defendant is correct in asserting that the commencement of proceedings upon the advice of counsel establishes probable cause. W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 119, at 843 (4th ed. 1971); RESTATEMENT (SECOND) OF TORTS § 666(1) (1977); cf. *Eastman v. Keasor*, 44 N.H. 518, 520 (1863). In order to

rely on the advice of counsel to establish probable cause, however, the defendant must show that he made a full and fair disclosure to the attorney of all of the facts within his knowledge that a reasonable person would regard as important. W. PROSSER *supra;* RESTATEMENT (SECOND) OF TORTS § 666(1)(b), Comment f (1977). The plaintiff argues that the defendant did not fully disclose to its attorney all material facts within its knowledge and that, therefore, it did not establish the existence of probable cause.

■ Ordinarily, the determination of what facts the defendant had within his knowledge and whether a reasonable person would have regarded those facts as important are questions of fact for the jury. RESTATEMENT (SECOND) OF TORTS § 666(1)(b), Comment g (1977); *see Stock v. Byers, supra* at 846, 424 A.2d at 1123. The court then makes the ultimate determination of the existence of probable cause based upon the facts as found by the jury. *Id.* at 846, 424 A.2d at 1124. In this case, however, the parties agreed as the "Law of the Trial" to allow the trial court to determine the issue of probable cause, which required it to make subsidiary findings of fact. The trial court determined that the defendant lacked probable cause in bringing the complaint against the plaintiff and denied the defendant's motion for a directed verdict on that issue.

■ ■ A trial court may grant a directed verdict "only when all of the evidence viewed most favorably to the opponent so overwhelmingly favors the moving party that no contrary verdict based upon that evidence could ever stand." *Stock v. Byers, supra* at 848, 424 A.2d at 1125. (Citation omitted.) The facts most favorable to the plaintiff are that the defendant's vice president in charge of parts and service knew who the plaintiff was and knew that the plaintiff was angry about his bill. The sixty-seven-year-old plaintiff also testified that he returned to the service manager's desk before he left and informed the defendant's employees that he would not pay the bill then and demanded that the defendant send him a bill. Yet when the defendant's credit manager telephoned the defendant's attorney she informed him only of the fact that a man who had had repairs done to his car had left without paying his bill. She did not describe any circumstances to indicate that the plaintiff did not intend to steal the defendant's services or garageman's lien but that he merely disputed the amount he owed. Although the credit manager may not have had personal knowledge of all of those facts, they were within the corporate defendant's knowledge at the time she made the call. The defendant is not excused because its employee failed to learn the full story before calling the defendant's attorney. *See* RESTATEMENT (SECOND)

OF TORTS § 662(c), Comment i (1977). The evidence also supports the trial court's implicit conclusion that a reasonable person would believe that an attorney would have to have information bearing on the plaintiff's intent in order to give sound advice. We, therefore, affirm the trial court's denial of the defendant's motion for a directed verdict on the issue of probable cause.

■ The defendant next argues that the trial court erred in failing to give to the jury two of its requested instructions. Those instructions are:

"3. The mere fact that the plaintiff was found not guilty beyond a reasonable doubt in Laconia District Court does not make the defendant's prosecution malicious. 52 Am. Jur., MALICIOUS PROSECUTION, § 161, pp. 283–84. The required proof in a criminal case to establish the guilt of an individual is proof of all elements of the offense beyond a reasonable doubt.

4. A verdict of not guilty does not necessarily establish innocence but merely a failure of the prosecution to prove guilt beyond a reasonable doubt. A further inquiry may be made by this jury as to whether the lesser burden of proof can be sustained. An acquittal in the District Court is not conclusive as to the plaintiff's innocence. Prosser Law of Torts 4th Edition, pages 840–841."

Although the trial court did not deliver the defendant's requested instruction number 3 verbatim, he gave the instruction in substance. The court took great pains to detail the differences between the civil burden of proof of preponderance of the evidence and the criminal burden of proof of beyond a reasonable doubt, carefully explaining the legal definition of malice. Additionally, the court charged the jury that, in deciding the issue of malice, it could consider the defendant's argument that it had relied on the advice of counsel. The court's instruction, taken as a whole, apprised the jury that the plaintiff's acquittal does not establish that the defendant acted with malice in bringing the complaint.

■ We find no error in the trial court's refusal to allow the defendant's requested instruction number 4. Although the defendant correctly cited W. PROSSER, HANDBOOK OF THE LAW OF TORTS § 119, at 840–41 (4th ed. 1971), in support of its requested instruction, that treatise relied on RESTATEMENT OF TORTS § 667(a) (1938) for its proposition. After referring to the Restatement, we conclude that the correct statement of the rule of law on which the defendant seeks to rely is that an acquittal of the accused in a trial court

is not conclusive of a lack of probable cause. RESTATEMENT (SECOND) OF TORTS § 667(1) (1974); RESTATEMENT OF TORTS § 667(a) (1938). Because the parties in this case agreed to allow the trial court to determine the existence of probable cause, the trial court was correct in refusing to charge the jury on that issue.

Finally, the defendant challenges the jury's damage award of $25,000 as being excessive. Our standard of review of jury awards is limited; we will not set aside a verdict as excessive unless we conclude that no reasonable person could have made such an award. *Rabe v. Carnaby*, 120 N.H. 809, 811, 423 A.2d 610, 612 (1980); *Pleasant Valley Campground v. Rood*, 120 N.H. 86, 89–90, 411 A.2d 1104, 1106 (1980). In awarding damages in an action for malicious prosecution, a jury may consider "the anxiety, and injury to feelings and reputation resulting from the criminal prosecution." *Roy v. Connor*, 109 N.H. 529, 531, 257 A.2d 21, 23 (1969); RESTATEMENT (SECOND) OF TORTS § 670 (1977). At the time the defendant began the criminal prosecution in the case, the plaintiff was a sixty-seven-year-old man who had never been arrested. The police arrested him in his home, in the sight of his neighbors, and took him to the police station where he was booked, photographed, and fingerprinted. He was publicly arraigned and tried, and a report of his arraignment appeared in a local newspaper. The plaintiff testified to his feelings of mortification, loss of self-respect, and concern for his loss of esteem by the community. As the plaintiff said: "I still get distressed. I say distressed—I get angered when I think of it. I don't believe I'll ever forget it." On these facts, we cannot say as a matter of law that no reasonable person could have arrived at the amount of damages awarded by the jury.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.