John Kelly v. City of Fountain Inn     CV-98-027-B     04/02/98

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**John Kelly**

   **v.**                                                    **98-027-B**

**City of Fountain Inn,**
**South Carolina, et al.**


**O R D E R**


John Kelly alleges that defendant John Abercrombie caused a criminal complaint to be filed against Kelly in South Carolina. He alleges that defendant David Woodward, a police officer in the town of Fountain Inn, South Carolina, obtained a warrant to arrest Kelly from a South Carolina court on August 22, 1994. Woodward then used the warrant to have Kelly arrested in New Hampshire the next day.  Kelly claims that the governor ultimately refused to sign an extradition warrant. As a result, the extradition proceedings terminated in his favor on July 23, 1994. He claims his arrest and attempted extradition were undertaken maliciously and without probable cause.  Accordingly, he asserts a state law malicious prosecution claim in Count I, and what he characterizes as federal malicious prosecution claims pursuant to 42 U.S.C. § 1983 in Counts II and III.  Kelly vehemently resists any attempt to characterize his claims as false arrest claims. Moreover, rather than focusing on the criminal proceedings commenced in South Carolina, Kelly bases his claims solely on the

commencement of the New Hampshire extradition proceedings. Kelly also concedes that he commenced this action on November 20, 1997, more than three years after his arrest, but less than three years after the extradition proceedings terminated.

In ruling on defendants' motion to dismiss, I assume without deciding that the court has personal jurisdiction over Kelly's claims and that, as Kelly contends, his state law claims are governed by New Hampshire law. Nevertheless, I conclude that his claims cannot survive defendants' challenge pursuant to Fed. R. Crim. P. 12(b)(6) even if the complaint's allegations are construed in the light most favorable to Kelly. First, Kelly's state law malicious prosecution claim is fatally flawed because it is based on the misconceived notion that extradition proceedings are separate criminal proceedings, the termination of which can give rise to a malicious prosecution claim under New Hampshire law. Kelly was arrested in New Hampshire based on criminal proceedings that had been commenced against him in South Carolina. The New Hampshire extradition proceedings were ancillary to the South Carolina criminal action, and cannot give rise to a separate malicious prosecution claim under New Hampshire law. See, e.g., Hogan v. Robert H. Irwin Motors, Inc., 121 N.H. 737, 739 (1981) (recognizing that malicious prosecution claim requires proof that the plaintiff was subjected to criminal prosecution instituted by the defendant). Plaintiff has chosen not to assert a claim for false arrest. Moreover, any such claim would be barred by New Hampshire's three-year statute of limita-

tions.  See N.H. Rev. Stat. Ann. § 508:4(I) (1997).  Accordingly, plaintiffs' state law claim must be dismissed.

Plaintiff's § 1983 claims are similarly flawed.  To the extent that plaintiff seeks to characterize his claims as either substantive or procedural due process violations, his claims are foreclosed by controlling precedent.  Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996).  Although plaintiff might have argued that he was subject to an illegal seizure in violation of his Fourth Amendment Rights, he has disclaimed any such theory and, in any event, his right to relief would be barred by the three year statute of limitations that governs such claims.  See, e.g., Benitez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998); McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995).  Finally, the town cannot be held liable under § 1983 for failing to train Woodward unless the plaintiff can establish that Woodward violated plaintiff's constitutional rights.  See, e.g., Pittsley v. Warish, 927 F.2d 3, 9 n.4 (1st Cir.) ("In order to have a valid  § 1983 claim against a municipality, a state actor must first commit an underlying constitutional violation."), cert. denied, 502 U.S. 879 (1991).  Accordingly, plaintiff's § 1983 claim against the town is also deficient.

Plaintiff has attempted to recharacterize potential claims for malicious prosecution in South Carolina and false arrest in New Hampshire as claims for malicious prosecution arising from defendants' conduct in New Hampshire.  As the recharacterized

claims have no chance of success, I grant the defendants' motion to dismiss (document no. 6).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 2, 1998

cc: Peter J. Duffy, Esq.
Mark Howard, Esq.