John SCARPA, Plaintiff,

v.

William MURPHY, John De Varennes, Marcia Bettega (Town of Lee Selectmen), Edward Finnegan (Chief of Lee Police), William Tierney, Christopher Holmes (Lee Police Officers), and Town of Lee, Massachusetts, Defendants.

Civ. A. No. 82–0115–F.

United States District Court, D. Massachusetts.

Jan. 30, 1985.

Robert Christo, West Springfield, Mass., for plaintiffs.

J. Norman O'Connor, David B. Mongue, Donovan & O'Connor, Adams, Mass., for defendants.

## MEMORANDUM

FREEDMAN, District Judge.

### Introduction

This case presents the difficult question of when a town and its supervisory officials can be held liable under 42 U.S.C. § 1983 for an alleged negligent failure to train and supervise their underlings.

Plaintiff's three-count complaint is simple and concise. Plaintiff alleges that on or about September 12, 1981, defendants Tierney and Holmes, police officers of the Town of Lee, Massachusetts, used excessive force while arresting plaintiff and denied him medical treatment, thereby causing plaintiff permanent hearing loss. Plaintiff further alleges that defendant Finnegan, Chief of the Lee police, negligently failed to train and supervise those police officers reporting to him, and that this negligence was a proximate cause of plaintiff's injuries. In addition, plaintiff charges defendants Murphy, DeVarennes and Bettega, Town of Lee Selectmen, with negligence in training and supervising Chief Finnegan. Plaintiff maintains that this negligence also proximately caused his injuries. Although plaintiff names the Town of Lee in the complaint's caption, plaintiff makes no specific allegations against the Town itself.

Defendants Town, Chief and Selectmen have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Having carefully considered the arguments of all the parties and having exhaustively reviewed the controlling and relevant precedent, the Court has concluded that defendants' motion must be granted.

A motion to dismiss for failure to state a claim should not be granted unless it appears from the complaint that plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). With this standard in mind, the Court examines the liability of each defendant.

*Town of Lee*

■ It is axiomatic that a municipality cannot be held liable under § 1983 unless the unlawful conduct involved occurred as a result of a policy or custom of the municipality. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Furthermore, since "the touchstone of the § 1983 action against a government body is an *allegation* that official policy is responsible for a deprivation of rights protected by the Constitution," *id.* (emphasis added), a plaintiff must plead policy in his § 1983 complaint. Here, plaintiff has made no allegations against the Town of Lee, much less pleaded that some policy or custom of the Town of Lee caused the deprivation of plaintiff's constitutional rights. Accordingly, plaintiff's complaint against the Town of Lee must be dismissed.

However, in view of the federal courts' liberal policy of allowing amendments to the pleadings, Fed.R.Civ.P. 15(a), the Court deems it useful to indicate what the characteristics of an actionable custom or policy of a negligent failure to train are.

■ It is possible to state a cause of action under § 1983 for the negligent deprivation of constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 534–35, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Fernandez v. Chardon*, 681 F.2d 42, 55 (1st Cir. 1982), *aff'd*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). Thus, the negligent omissions of upper-level municipal officials may create an actionable official policy. *Turpin v. Mailet*, 619 F.2d 196, 200 (2d Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). However, in order for a municipality—or anyone, for that matter—to be liable under § 1983, there must also be a causal connection between the conduct complained of and the plaintiff's constitutional deprivation. *Parratt v. Taylor*, 451 U.S. at 535, 101 S.Ct. at 1912; *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976).

■ Analysis of this causality requirement often leads to a discussion of what standard of conduct the defendant is to be held to. *See Fernandez v. Chardon*, 681 F.2d at 55–56. Although technically a municipality could be held liable for a simple negligent failure to train that resulted in the deprivation of a plaintiff's constitutional rights, the lower federal courts have generally permitted liability only where the municipality's failure to train reached the level of "gross negligence" or "deliberate indifference" to the plaintiff's constitutional rights. *Tuttle v. City of Oklahoma City*, 728 F.2d 456, 460 (10th Cir.1984); *Avery v. County of Burke*, 660 F.2d 111, 114 (4th Cir.1981); *Turpin v. Mailet*, 619 F.2d at 201; *Owens v. Haas*, 601 F.2d 1242, 1246 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Leite v. City of Providence*, 463 F.Supp. 585, 590–91 (D.R.I.1978). This Court now formally adopts that standard. Furthermore, the Court shall require that plaintiff allege gross negligence in order to withstand a defendant municipality's 12(b)(6) motion. *Id.* at 591.

In the case at bar, plaintiff has alleged only a single incident of police brutality. There is disagreement among the lower federal courts as to whether it is possible to infer a custom or policy from one unconstitutional occurrence. *Compare Avery v. County of Burke*, 660 F.2d at 114 ("single incident . . . normally insufficient to establish supervisory inaction upon which § 1983 liability may be based") *and Landrigan v. City of Warwick*, 628 F.2d 736, 747 (1st Cir.1980) (municipality's failure to investigate isolated charge of perjury insufficient to establish its liability) *and Thompson v. Sanborn*, 568 F.Supp. 385, 393 (D.N.H. 1983) ("policy simply cannot be inferred from a single incident of illegality") *with Tuttle v. City of Oklahoma City*, 728 F.2d at 461 (single incident rule inapplicable where act so plainly and grossly negligent that it shows lack of training) *and Turpin v. Mailet*, 619 F.2d at 202 (one can infer policy if single incident egregious enough) *and Owens v. Haas*, 601 F.2d at 1247 (cir-

cumstances of single beating suggest grossly negligent failure to train).

■ The Court has concluded that the determination of whether a single incident of alleged unconstitutional conduct actually implies the existence of a municipal policy depends on the facts of the case: if the one occurrence is sufficiently brutal and outrageous, one can reasonably infer that the municipality's failure to train was grossly negligent or deliberately indifferent to the constitutional rights of citizens. Here, plaintiff's complaint is not at all specific about the details of defendants' alleged use of excessive force. It is therefore impossible to tell whether plaintiff's claim against the City would fail also because of application of the single incident rule.

To reiterate, plaintiff's complaint against the Town of Lee must be dismissed for failure to state a claim because plaintiff has failed to allege any policy of the Town of Lee leading to the alleged deprivation of his constitutional rights.

*Chief of Police and Board of Selectmen*

It is not clear from plaintiff's complaint whether plaintiff is suing Chief Finnegan and the members of the Board of Selectmen in their official capacities, their individual capacities, or both. This distinction is important and the Court will assume for purposes of analysis that plaintiff has sued these defendants in both capacities.

*Official Capacity*

■ A suit against a person in his official capacity is usually "only another way of pleading an action against an entity of which an officer is an agent...." *Monell v. Department of Social Services*, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55; *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir.1983). The logical fall-out from this concept is significant. · For example, it has been held that since municipalities are not entitled to a qualified immunity defense, *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980), then neither are individuals sued in their official capacities, *Brandon v. Holt*, — U.S. —, —, 105 S.Ct. 873,

879, 83 L.Ed.2d 878 (1985); *McKay v. Hammoch*, 730 F.2d 1367, 1374 (10th Cir.1984), even though those persons would be entitled to assert a good faith defense if they were sued in their individual capacities, *see Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Furthermore, if a plaintiff recovers judgment against a person in his official capacity, it is the entity for which he is agent that is liable. *Brandon v. Holt*, — U.S. at —, 105 S.Ct. at 878.

■ If an official capacity suit is really only a suit against the municipality and if it is the municipality that must pay if plaintiff obtains judgment, then it makes sense to say that a person sued in his official capacity can be found liable only if the municipality could also be liable. *Wolf-Lillie v. Sonquist*, 699 F.2d at 870. That means plaintiff must allege and prove a policy that deprived him of his constitutional rights and, in the case of an alleged policy failure to train, that that failure was grossly negligent or amounted to deliberate indifference to citizens' constitutional rights. *See, supra* pp. 34–35.

■ Here, Chief Finnegan and the members of the Board of Selectmen are agents of the Town of Lee. However, plaintiff has alleged no policy of the Town of Lee that caused him to be subjected to excessive force at the hands of the Town's police officers. Nor has plaintiff alleged that the failure to train rose to the level of gross negligence or deliberate indifference. Plaintiff's complaint against Chief Finnegan and the members of the Board of Selectmen in their official capacities must therefore be dismissed for failure to state a claim.

*Individual Capacity*

■ Section 1983 imposes liability on anyone who "subjects, or causes to be subjected" any person to a deprivation of federal constitutional or statutory rights. 42 U.S.C. § 1983. One of the key points in any § 1983 suit is therefore whether there is a sufficient causal connection between the act complained of and the constitutional

deprivation. *See, e.g., Paratt v. Taylor*, 451 U.S. at 535, 101 S.Ct. at 1912; *Rizzo v. Goode*, 423 U.S. at 370–71, 96 S.Ct. at 603–04; *Wolf-Lillie v. Sonquist*, 699 F.2d at 869; *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983); *Fernandez v. Chardon*, 681 F.2d at 55; *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir.1982); *Black v. Stephens*, 662 F.2d 181, 189 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *McClelland v. Facteau*, 610 F.2d 693, 695 (10th Cir.1979); *Leite v. City of Providence*, 463 F.Supp. at 590.

The question is: what is a sufficient causal connection? This is really another way of asking what standard of conduct courts are going to require of supervisory officials as individuals. In other words, how negligent do supervisory officials have to be before the law will say their conduct "caused" a plaintiff's constitutional deprivation?

It appears that a "[m]ere failure to supervise is not a basis for liability under § 1983...." *Fernandez v. Chardon*, 681 F.2d at 56. Something more is required. The First Circuit has given some guidance on this question, *but cf. Gero v. Henault*, 740 F.2d 78, 85–86 (1st Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 965, 83 L.Ed.2d 970 (1985), and appears prepared to hold supervisory personnel liable where they can be deemed to have been on notice of pervasive constitutional violations or if their failure to supervise "is so severe as to amount to gross negligence or deliberate indifference to constitutional violations...." *Fernandez v. Chardon*, 681 F.2d at 56; *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir.1981). This view is in accord with the opinions of other federal courts. *See Bowen v. Watkins*, 669 F.2d at 988 (liability if failure to supervise amounts to gross negligence or deliberate indifference); *McClelland v. Facteau*, 610 F.2d at 697 (liability if supervisor "knew or should have known" of the unconstitutional conduct, but failed to act to prevent future harm); *Sims v. Adams*, 537 F.2d 829, 831–

32 (5th Cir.1976) (liability for failure to control a police officer's known propensity for use of excessive force).

It is clear from plaintiff's complaint that he is relying on a mere negligent failure to supervise on the parts of Chief Finnegan and the Board of Selectmen members. The Chief allegedly negligently failed to supervise the defendant police officers and the Board of Selectmen allegedly negligently failed to supervise the Chief. Such allegations cannot survive defendants' motion to dismiss because defendants cannot, and as a matter of law, be liable for a mere negligent failure to supervise. Plaintiff's complaint against the Chief and the Board of Selectmen in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

*Summary*

Because plaintiff has failed to allege a policy of the Town of Lee leading to the alleged deprivation of his constitutional rights, the Court must grant defendants' motion to dismiss plaintiff's complaint against the Town of Lee and against the Chief of Police and the Board of Selectmen in their official capacities. Similarly, plaintiff's failure to allege the required causal connection between defendants' conduct as individuals and plaintiff's constitutional deprivation mandates that plaintiff's suit against defendants Chief of Police and Board of Selectmen members in their individual capacities also be dismissed.

An appropriate Order shall issue.