Gerald E. GREENBERG, et al.

v.

Thomas MYNCZYWOR, et al.

Civ. No. 86–56–D.

United States District Court,
D. New Hampshire.

July 31, 1987.

David J. KillKelley, Laconia, N.H., for plaintiffs.

Malcolm R. McNeill, Jr., Dover, N.H., for Finethy.

Mark F. Weaver, Manchester, N.H. for Thomas Mynczywor and Town of Alton.

Jerome H. Grossman, Rochester, N.H. for Town of Alton.

## ORDER

DEVINE, Chief Judge.

Plaintiffs Gerald and Anna Greenberg bring this civil rights action pursuant to 42

U.S.C. §§ 1983 and 1988 against three defendants: the Town of Alton, New Hampshire, a municipal corporation ("Alton"); Thomas Mynczywor, in his official capacity as Alton Chief of Police and in his personal capacity; and Dean Finethy, an individual. Plaintiffs allege that these defendants conspired to criminally prosecute Mr. Greenberg in order to force him to pay a disputed debt and that the prosecution culminated in his wrongful arrest, thereby infringing his civil rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and unspecified state constitutional and statutory law. Plaintiffs seek compensatory and enhanced damages, attorneys' fees, expungement of Mr. Greenberg's file from police records, and costs. Subject matter jurisdiction is alleged by way of 28 U.S.C. §§ 1331, 1343, and 1441;[1] the Court's power of pendent jurisdiction, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); and diversity jurisdiction, 28 U.S.C. § 1332, the parties being diverse and the amount in controversy exceeding $10,000 exclusive of interest and costs.

Two motions are before the Court. Plaintiffs have moved to amend their complaint under Rule 15(a), Fed.R.Civ.P., and defendants Alton and Chief Mynczywor have moved for dismissal of the claims against them or for summary judgment in their favor under Rules 12 and 56, Fed.R. Civ.P. As defendant Finethy has neither objected to plaintiffs' motion nor joined in his co-defendants' motion, hereinafter in this Order the term "defendants" will refer only to Alton and Chief Mynczywor. The Court resolves the motions on the documents as filed. *See* Rule 11(g), Rules of the United States District Court for the District of New Hampshire.

*Factual Background*

On or about June 16, 1984, plaintiffs rented a house located in Alton, New Hampshire, for a monthly rental of $400. In the course of this transaction and at other times pertinent to this litigation, plaintiffs dealt with Dean Finethy, agent and caretaker for Kristen Zani, owner of the property.[2]

On March 2, 1985, Mr. Finethy was notified by the local utility company that it was about to shut off service to the house because the utility bills were unpaid. According to defendants, upon receipt of this notice Mr. Finethy realized for the first time that the Greenbergs were no longer residing in the Zani house and that they had left town owing four months' rent, a total of $1,600. He reported such to Chief Mynczywor, informing the Chief that the Greenbergs had given no prior notice of their intent to leave. Several days later, Mr. Finethy also informed Chief Mynczywor that the Greenbergs could be found in Putney, Vermont.

Mr. Greenberg disputes this version of events. He alleges that he and his wife experienced serious and unremitting problems with the house which rendered it effectively uninhabitable and that, despite being informed of the problems, Mr. Finethy and Ms. Zani did nothing. Mr. Greenberg alleges that he had informed Mr. Finethy of the impending termination of the lease approximately ten days prior to the date they left and that they had at the same time apprised Mr. Finethy that they were disputing the amount of rent due because of the problems they had experienced. Affidavit of Gerald E. Greenberg ("Greenberg Affidavit") at 1–2.

Allegedly ignorant of the rental dispute, and acting on the information supplied him

1. 28 U.S.C. § 1441 appears to have become caught in plaintiffs' jurisdictional net in error, as the case was originally brought in this court, not removed from state court.

2. The complaint also named Ms. Zani as a defendant. On July 16, 1987, pursuant to Rule 41(a)(1)(ii), Ms. Zani's counsel filed a written stipulation to her dismissal signed by all parties. Although counsel sought the Court's approval, such approval is unnecessary and, if given, without force of law; Rule 41(a)(1)(ii) stipulations of dismissal are effective when filed. *See* C. Wright & A. Miller, 9 *Federal Practice and Procedure* § 2363 at 160 & n. 51 (1971 & Supp.1986); J. Moore, J. Lucas & J. Wicker, 5 *Moore's Federal Practice* ¶ 41.02[2] at 41–21 & n. 18 (1986 & Supp.1986–87).

by Mr. Finethy, Chief Mynczywor sent a letter to the Putney, Vermont, Police Department requesting that department to supply information about the Greenbergs and to "advise him [Mr. Greenberg] that [complaints or warrants] will be forthcoming unless he makes payment to Mr. Finethy." Letter from Thomas Mynczywor to Chief of Police, Putney, Vermont (Mar. 12, 1985). A Vermont deputy sheriff visited the Greenberg residence in Putney and advised Mr. Greenberg to contact Chief Mynczywor and the Alton Police Department, which he did the following morning.

Chief Mynczywor was absent when Mr. Greenberg called. Mr. Greenberg asserts that he spoke with a representative of the department and was told that there was concern over the back rent due on the Zani premises, but no warrants were outstanding and he would be contacted if problems arose. Greenberg Affidavit at 3. Mr. Greenberg made no further attempt to contact the Alton Police, *id.* at 3–4, and Chief Mynczywor made no attempt to return Mr. Greenberg's call or otherwise contact him. Greenberg Affidavit, Attachment A (Deposition of Thomas Mynczywor) [hereinafter "Chief Deposition"] at 31–34. On March 25, 1985, having conducted no further substantive investigation of Mr. Finethy's allegations, Chief Mynczywor drafted a complaint, supporting affidavit, and arrest warrant charging Mr. Greenberg with the New Hampshire crime of Theft of Services, New Hampshire Revised Statutes Annotated ("RSA") 637:8 (1986), a Class A felony. Chief Deposition at 33–34, 44–46.[3] The complaint was signed by the Alton Town Clerk, sent to the Windham County Sheriff, and, pursuant thereto, on April 9, 1985, Mr. Greenberg was arrested, booked, and jailed in Brattleboro, Vermont.

On June 17, 1985, a Belknap County grand jury indicted Mr. Greenberg for violation of RSA 637:8. On September 9, 1985, the charges were dismissed by New Hampshire Superior Court Justice William Cann on Mr. Greenberg's motion to dismiss. This litigation followed.

### Plaintiffs' Motion to Amend the Complaint

The complaint in the instant action was filed on February 3, 1986, and alleges three causes of action. Plaintiffs' "First Cause of Action" ("Count I") is brought against Chief Mynczywor and Dean Finethy and is a state law claim for malicious prosecution. Plaintiffs' "Second Cause of Action" ("Count II"), also brought against Chief Mynczywor and Dean Finethy, combines federal claims arising out of alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution with pendent state claims arising out of alleged violation of unspecified New Hampshire statutory and constitutional law. Plaintiffs' "Third Cause of Action" ("Count III") is brought against the Town of Alton on a theory of liability based on inadequate training of police personnel, combining the same federal and state claims asserted in Count II. Finally, although not entitling such as a cause of action, the complaint asserts a claim under state law for Mrs. Greenberg's alleged loss of spousal consortium, which claim the Court hereinafter refers to as "Count V".

On June 15, 1987, the deadline for filing pretrial materials, plaintiffs filed a motion pursuant to Rule 15(a), Fed.R.Civ.P., seek-

---

**3.** RSA 637:8 provides in pertinent part:

**Theft of Services.**

   I. A person commits theft if he obtains services which he knows are available only for compensation by deception, threat, force, or any other means designed to avoid the due payment therefor....

   II. A person commits theft if, having control over the disposition of services of another, to which he knows he is not entitled, he diverts such services to his own benefit or to the benefit of another who he knows is not entitled thereto.

   III. As used in this section, 'services' includes, but is not necessarily limited to, ... hotel, motel, tourist cabin, rooming house and like accommodations....

Violation of RSA 637:8 is a Class A felony if the value of the services at issue exceeds $1,000. RSA 637:11. Under the New Hampshire Criminal Code, Class A felonies are punishable by any or all of the following: imprisonment of up to fifteen years, imposition of a fine of up to $2,000 or twice the value of services unlawfully gained, and a period of probation of up to five years. RSA 651:2 (1986).

ing to amend their complaint to add factual allegations to Count II and to assert, under the state law doctrine of vicarious liability, a "Fourth Cause of Action" ("Count IV") against the Town of Alton for Chief Mynczywor's alleged negligence. Defendants object on the basis that the close of discovery and the length of time since the complaint was filed would cause them undue prejudice were the Court to grant plaintiffs leave to amend.

■ The decision to grant or deny a Rule 15(a) motion to amend lies within the sound discretion of the district court, *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir.1983), but within limits: it is mandated that leave to amend "shall be freely given when justice so requires," Rule 15(a), Fed.R.Civ.P.; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendments are not to be denied solely on the basis of delay. *Carter v. Supermarkets Gen'l Corp.*, 684 F.2d 187, 192 (1st Cir.1982). However, a district court must consider prejudice to the opposing party; if considerable delay has occurred, the burden shifts to the movant to show a valid reason for the Court to excuse the delay. *See, e.g., id; Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir.1983).

■ In the instant action there was no undue delay. Discovery closed on June 1, 1987, and plaintiffs filed their motion within two weeks, prior to the deadline for filing pretrial materials. Furthermore, considerations of delay aside, defendants will suffer no prejudice by the granting of leave to amend because the amendments here sought raise no new issues.

The first requested amendment entails adding an allegation to Count II that Chief Mynczywor was, as Police Chief of Alton, the official policymaker in Alton vis-a-vis police procedures. This issue was not only impliedly raised in the pleadings, but was addressed by defendants in their memorandum. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss and for Summary Judgment at 5 (citing *City of Oklahoma City v. Tuttle*, [471 U.S. 808, 823–24,] 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, *reh'g denied*, 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985)).

Plaintiffs' second requested amendment posits an additional legal theory of liability, but imposes no evidentiary burden upon defendants they do not already face. In the Count IV here sought to be added by amendment, plaintiffs seek to charge Alton with liability for Chief Mynczywor's alleged negligence based on the doctrine of vicarious liability and state law theories of imputed negligence and respondeat superior. However, inasmuch as a requisite element of vicarious liability is the existence of an underlying tort (in this instance, Chief Mynczywor's alleged negligence), *see, e.g.*, S. Speiser, K. Krause & A. Gans, *The American Law of Torts* § 4.1, at 533 (1983); W. Prosser, *The Law of Torts* § 69, at 458 nn. 2–3 and accompanying text (4th ed. 1971), and Count II in its unamended form already charges Chief Mynczywor with negligence, defendants are put to no additional proof by the allowance of amendment; that is, whether or not leave to amend is granted, Chief Mynczywor's alleged negligence is at issue.

Amendment having been sought in a timely manner and defendants facing neither prejudice nor further delay should the Court grant plaintiffs' motion, the Court finds that leave to amend should be granted. Accordingly, plaintiffs' Motion to Amend Complaint (document no. 34) is granted in full. The Court proceeds to consider defendants' motion to dismiss and for summary judgment, viewing the complaint in its amended form. *See* Rule 15(c), Fed.R.Civ.P.

*Defendants' Motion to Dismiss and for Summary Judgment The Summary Judgment Standard*

In considering the merits of a motion to dismiss pursuant to Rule 12(b)(6), Fed.R. Civ.P., a district court is limited to the allegations of the complaint. *Litton Indus. v. Colon*, 587 F.2d 70, 74 (1st Cir. 1978). However, if matters outside the pleadings are presented to the court, the court may treat the motion as one for summary judgment. Rule 12(b), Fed.R.Civ.P.

In the instant case, affidavits, exhibits, and portions of deposition transcripts have been so presented, there has been ample opportunity for the disputants to respond to the presentations, and there has been no suggestion that exclusion of any material is warranted; accordingly, the Court disposes of defendants' motion as provided in Rule 56. *Id.; Moody v. Town of Weymouth,* 805 F.2d 30, 31 (1st Cir.1986).

The acid test for survival against a motion for summary judgment is whether the nonmovant has produced sufficient evidence to establish that a jury could reasonably find in his or her favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate and trial unnecessary, on the other hand, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The burden is upon the moving party to establish the lack of a genuine and material factual issue, *Finn v. Consolidated Rail Corp.,* 782 F.2d 13, 15 (1st Cir.1986), and the court must view the record in the light most favorable to the nonmovant, according the nonmovant all beneficial inferences to be discerned from the evidence, *Ismert & Assoc. v. New England Mut. Life Ins. Co.,* 801 F.2d 536, 537 (1st Cir.1986).

### Official Capacity Claims and Claims Against Alton Under § 1983

Defendants contend that summary judgment in Alton's favor as to both the federal and state claims in Count III is warranted by *Monell v. Department of Social Serv. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court held that local governmental units are subject to suit under 42 U.S.C. § 1983 and thus civilly liable for damages and injunctive relief directed at them, but only if an "official policy" or "custom" is "the moving force of the constitutional violation." *Id.* at 694–95, 98 S.Ct. at 2037–38. The Court broadly defined "custom" as any "persistent and widespread" practice which is "permanent and well settled," "and explicitly *found* that "custom" is not limited to behavior which has received formal approval from the governmental body's official decision-making channels. *Id.* at 690–91, 98 S.Ct. at 2035–36. Defendants argue that Chief Mynczywor's actions constituted only a single incident, not the requisite *Monell* "official policy" or "custom". Plaintiffs counter that Alton's policy was to leave Chief Mynczywor to his own devices and that such purposeful failure to appropriately train, supervise, and instruct Chief Mynczywor regarding the proper filing of criminal complaints in itself meets the *Monell* standard for section 1983 liability.

A municipality's negligent failure to train, supervise, and instruct its law enforcement personnel can constitute a "custom" or "official policy" for the purpose of satisfying *Monell* and establishing section 1983 municipal liability. *See, e.g., Tuttle, supra,* 471 U.S. at 822–24, 105 S.Ct. at 2435–36; *Wierstak v. Heffernan,* 789 F.2d 968, 974 (1st Cir.1986); *Kibbe v. City of Springfield,* 777 F.2d 801, 804–06 (1st Cir.1985), *cert. granted,* — U.S. —, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986), *cert.* dismissed, — U.S. —, 107 S.Ct. 1114, 94 L.Ed.2d 293 *reh'g denied,* — U.S. —, 107 S.Ct. 1966, 95 L.Ed.2d 537 (1987). However, in order for municipal liability to be premised on an unarticulated governmental policy, custom or practice—passive, as opposed to affirmative, municipal conduct—evidence of more than a single wrongful act is required; that is, one incident of police misconduct does not in and of itself permit the Court to infer a "policy" of inadequate training. *See, e.g., Tuttle, supra,* 471 U.S. at 823–24, 105 S.Ct. at 2436–37; *Wierstak, supra,* 789 F.2d at 974; *Kibbe, supra,* 777 F.2d at 805; *Thompson v. Sanborn,* 568 F.Supp. 385, 392 (D.N.H. 1983). Rather, in order for the plaintiffs to prevail on an "inadequate training" theory based on one incident, the incident must have been "brutal and outrageous", *Scarpa v. Murphy,* 624 F.Supp. 33, 36–37 (D.Mass.1985) (and citations therein), or the

training of Chief Mynczywor "nonexistent or reckless, or grossly, palpably, and culpably negligent," *Leite v. City of Providence,* 463 F.Supp. 585, 589 (D.R.I.1978); *see also Kibbe, supra,* 107 S.Ct. at 1121 (O'Connor, J., dissenting from dismissal of certiorari, joined by Rehnquist, C.J., and White, Powell, JJ.); Annotation, *Liability of Supervisory Officials and Government Entities for Having Failed to Adequately Train, Supervise, or Control Individual Peace Officers Who Violate Plaintiff's Civil Rights Under 42 U.S.C. § 1983,* 70 A.L.R. Fed. 17 § 2(a) at 22 (1984 & Supp. Oct.1986) (collecting cases and expressing view that majority of courts have rejected simple negligence standard and instead require conduct exhibiting gross negligence, recklessness, deliberate indifference to constitutional rights, or the like).

In support of their stance that Chief Mynczywor was adequately trained, supervised, and instructed and that plaintiffs have presented only a single incident of less than "brutal" alleged misconduct, defendants have provided the Court with two exhibits: the apparently extensive and comprehensive Rules and Regulations of the Alton Police Department (Defendants' Memorandum, Exhibit D, 49 pp. with app.), and a list entitled "Schools Attended by Chief Thomas J. Mynczywor" (*Id.,* Exhibit E), attesting to the Chief's purportedly extensive training and experience in different facets of police work. Defendants' Memorandum at 6. Defendants have not provided the Court with evidence establishing that said Rules and Regulations were followed as a matter of course; however, neither have plaintiffs provided evidence to show that the Rules and Regulations were ignored—that Alton had an affirmative "do nothing" policy with regard to overseeing police operations.

■ Construed in the light most favorable to plaintiffs, the evidence before the Court shows only that Chief Mynczywor failed to properly investigate the facts before drawing up the complaint filed against Mr. Greenberg. While such actions might be characterized as slipshod and uncommendable, they hardly rise to the level of

being "brutal" or "outrageous". Thus, even if proven at trial, Chef Mynczywor's actions on this occasion, standing alone, do not constitute a colorable constitutional claim against Alton under *Monell* and its progeny. As plaintiffs have alleged no other instances of similar misconduct, the facts upon which the Greenbergs rely to support their allegations are not susceptible of the interpretation the Greenbergs give them, and summary judgment is appropriate. *Ismert & Assoc., supra,* 801 F.2d at 537.

As an alternative argument, plaintiffs assert that summary judgment is precluded by *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). In *Pembaur,* the Supreme Court held that "where action is directed by those who establish government policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." *Id.,* 106 S.Ct. at 1299. Plaintiffs have produced no evidence tending to establish that Chief Mynczywor was the policymaker in Alton with regard to police matters. Defendants' evidence, the Rules and Regulations of the Alton Police Department (Defendants' Memorandum, Exhibit D), cuts the other way, as the Rules appear to have been promulgated and signed by the Alton Board of Selectmen.

■ While plaintiffs are clearly entitled to all favorable inferences, *Ismert & Assoc., supra,* 801 F.2d at 537, they are not entitled to build their case "on the gossamer threads of whimsy, speculation and conjecture," *White v. Hearst Corp.,* 669 F.2d 14, 19 (1st Cir.1982) (quoting *Manganaro v. Delaval Separator Co.,* 309 F.2d 389, 393 (1st Cir.1962)). Despite having had adequate time in which to conduct discovery, including one extension of time, plaintiffs have failed to show the Court that they are capable of establishing the existence of elements essential to their case, upon which they will bear the burden of proof at trial. Accordingly, summary judgment as to claims in Count III brought pursuant to 42 U.S.C. § 1983 must be granted in favor of Alton. *See Celotex Corp. v. Catrett,* 477

U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir.1985) (party opposing summary judgment may not create dispute by "bare" allegations, but must point to specific facts in affidavits and other materials supporting its position). And, inasmuch as a suit brought against a person in his or her official capacity is generally "only another way of pleading an action against an entity of which an officer is an agent," *Monell, supra,* 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55, summary judgment must also be granted in favor of Chief Mynczywor as to federal claims in Count II brought against him in his official capacity. *See Scarpa v. Murphy, supra,* 624 F.Supp. at 36 (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 870 (7th Cir.1983)).

Finally, inasmuch as defendants' arguments regarding Alton's liability for the Town's allegedly inadequate training address only federal case law and the viability of actions brought pursuant to section 1983, state law issues remain unaddressed. Accordingly, summary judgment in defendants' favor as to state law claims in Counts II and III is inappropriate.

### Defendants' Claims to Qualified Immunity

■ Defendants argue that because Chief Mynczywor was acting in his official capacity when the acts at issue in this litigation occurred, the doctrine of qualified immunity provides both the Chief and Alton with a complete defense to liability. Whether this defense may be invoked is a purely legal issue, properly determined by the Court prior to trial, *Donta v. Hooper,* 774 F.2d 716, 719 (6th Cir.1985), *cert. denied,* — U.S. ——, 107 S.Ct. 3261, 97 L.Ed.2d 760 (1987), and preferably on a motion for summary judgment, *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982); *see also Mitchell v. Forsyth,* 472 U.S. 511, 525–26, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Crooker v. Mulligan,* 788 F.2d 809, 812–13 (1st Cir.1986).

■ Not only is the issue of Alton's liability on plaintiffs' federal claims moot in light of the Court's ruling above, but, in any event, local government entities are precluded from invoking the qualified immunity defense against damages liability stemming from federal claims. *Owen v. City of Independence, Mo.,* 445 U.S. 622, 657–58, 100 S.Ct. 1398, 1418–19, 63 L.Ed.2d 673 (1980); *Blackburn v. Snow,* 771 F.2d 556, 571 n. 13 (1st Cir.1985). Similarly, Alton is foreclosed from asserting the defense to ward off state law claims. If the Town is insured, it may not plead qualified immunity to the extent that it has obtained liability insurance which covers the risk in the underlying action. RSA 412:3 (1983); *Brown v. City of Laconia,* 118 N.H. 376, 378, 386 A.2d 1276, 1277 (1978). And if the Town is uninsured, the defense is foreclosed unless the actions at issue entailed an executive or planning function—the making of a basic policy decision such as would be characterized by exercising "a high degree of official judgment or discretion." *See Merrill v. City of Manchester,* 114 N.H. 722, 729–30, 332 A.2d 378, 383 (1974); *see also* RSA 507–B:2 (1983); *Tilton v. Dougherty,* 126 N.H. 294, 300, 493 A.3d 442, 446 (1985) (characterizing medical negligence as "claim of mere inaction or inattention rather than a claim that the defendant exercised discretion negligently"); *State v. Brosseau,* 124 N.H. 184, 200–02, 470 A.2d 869, 879–81 (1983) (Douglas, Batchelder, JJ., concurring). The claim herein is not that Chief Mynczywor failed to properly execute an executive or planning function; rather, the claim entails merely an alleged failure to properly investigate a complaint before bringing charges. This is inattention to detail, not the deliberate exercise of discretion. Accordingly, the Court holds that the defense of qualified immunity is not available to Alton on the state claims herein asserted. Chief Mynczywor's liability in his official capacity as to the state claims being derivative to Alton's liability, *see Monell, supra,* 436 U.S. at 690 n. 55, 98 S.Ct. at 2035 n. 55; *Scarpa v. Murphy, supra,* 624 F.Supp. at 36, the defense is similarly uninvocable by him in his official capacity.

As to plaintiffs' federal claims against Chief Mynczywor in his individual capacity, the standard for determining whether a government official may invoke qualified immunity is objective. In performing discretionary functions, such officials are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald, supra,* 457 U.S. at 818, 102 S.Ct. at 2738; *Fernandez v. Leonard,* 784 F.2d 1209, 1214 (1st Cir.1986). With regard to arrest warrants and the issuance thereof, immunity is lost only "if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity would be recognized." *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). If a reasonably well-trained police officer knows or should know that an affidavit is insufficient to establish probable cause and that application for an arrest warrant is improvident, such application is not objectively reasonable because it creates the unnecessary danger of an unlawful arrest, and qualified immunity is lost. *Id.; Floyd v. Farrell, supra,* 765 F.2d at 5.[4] Inquiries as to an official's state of mind at the time of the acts at issue (e.g., inquiries into bad faith or malice) are irrelevant in this determination. *Malley v. Briggs, supra,* 106 S.Ct. at 1096; *Harlow, supra,* 457 U.S. at 815–19, 102 S.Ct. at 2736–39; *Floyd v. Farrell, supra,* 765 F.2d at 4–5; *Kaltner v. Pebbles, supra* note 4, 628 F.Supp. at 98. *But see B.C.R. Transp. Co. v. Fontaine, supra* note 4, 727 F.2d at 10 (even if defendant officer lacked probable cause for obtaining and executing search and arrest warrants, officer can still avoid section 1983 liability by demonstrating his subjective good faith in obtaining

warrants), *cited with approval in Crooker v. Mulligan, supra,* 788 F.2d at 812.

Probable cause to arrest exists if the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are such to warrant a person of reasonable caution and prudence to believe that the arrestee has committed or is in the process of committing a crime. *Floyd v. Farrell, supra,* 765 F.2d at 5 (citing *State v. Lemire,* 121 N.H. 1, 4–5, 424 A.2d 1135, 1138 (1981)); *Kaltner v. Pebbles, supra* note 4, 628 F.Supp. at 98–99. Where, as in the case at bar, the facts as to the information upon which the arresting officer acted are not in dispute, the existence of probable cause is a question of law for the Court to determine. *Kay v. Bruno,* 605 F.Supp. 767, 774 (D.N.H.1985) (and cases cited therein), *aff'd,* 821 F.2d 31 (1st Cir.1987) (per curiam).

It is undisputed that Chief Mynczywor's only information as to the alleged fact a crime had been committed came from the agent of the alleged victim. Chief Deposition at 46. While probable cause determinations based on information supplied by alleged victims are generally considered reliable, in this Circuit such information, standing alone, does not constitute probable cause to search, seize, or arrest an alleged perpetrator. *B.C.R. Transp. Co. v. Fontaine, supra* note 4, 727 F.2d at 9–10.

Plaintiffs have produced the sworn and attested-to written report of Steven C. Byers, a former Chief of Police for the Town of Barnstead, New Hampshire. *See* Greenberg Affidavit, Attachment. In his report Mr. Byers clearly implies that properly instituted criminal proceedings must be based upon investigation. This is further borne out by Chief Mynczywor's deposition in which he stated that his general practice relative to disputed debts and po-

---

**4.** The mere fact that a warrant issued does not insulate Chief Mynczywor from liability. Approval of an arrest warrant does not bar the civil rights liability of an officer who obtains a warrant if the officer should have known that the facts recited in the affidavit did not consti-

tute probable cause. *Malley v. Briggs, supra,* 106 S.Ct. at 1098–99; *B.C.R. Transp. Co. v. Fontaine,* 727 F.2d 7, 10 n. 1 (1st Cir.1984); *Kaltner v. Pebbles,* 628 F.Supp. 96, 98 (E.D.Mich.1986) (and cases therein cited).

lice involvement is to talk to *both* parties in order to find out the true circumstances. Chief Deposition at 12–16. In reality, this is common sense; for the Court to hold otherwise—that less is required—would provide incentive for police officers to act without caution and without pause for reflecting on the danger of instigating an unlawful arrest. *See, e.g., Malley v. Briggs, supra,* 106 S.Ct. at 1097.

The Court need not address what minimum amount of investigation is needed to establish reasonable probable cause; in the case herein there was *no* investigation, which clearly falls short of the standard. In accordance therewith, the Court hereby finds and rules that Chief Mynczywor lacked probable cause to seek an arrest warrant and may not invoke the qualified immunity defense. Defendants' motion for summary judgment is denied as to federal and state claims brought in Count II against Chief Mynczywor in his personal capacity.

### Claims for Malicious Prosecution

■ Count I asserts a claim for malicious prosecution. This cause of action has three elements: (i) the bringing of a criminal prosecution, (ii) without probable cause and with malice, and (iii) resolution of the criminal proceeding in the plaintiff's favor. *Kay v. Bruno, supra,* 605 F.Supp. at 774; *Stock v. Byers,* 120 N.H. 844, 846, 424 A.2d 1122, 1123 (1980). It is undisputed in this litigation that the first and third elements are met. Defendants argue for summary judgment in their favor on the basis that the second element is absent; i.e., that probable cause existed for Chief Mynczywor to bring criminal charges and that there is no evidence to indicate that the prosecution was motivated by malice or ill will.

In the preceding section of this Order, the Court found that probable cause for Chief Mynczywor to seek an arrest warrant was absent; accordingly, the Court need only address defendants' contention that there was an absence of malice motivating Chief Mynczywor's prosecution.

Because proof of malice often turns on circumstantial evidence, the issue is not readily adaptable to summary disposition. *Nash v. Keene Publishing Corp.,* 127 N.H. 214, 223, 498 A.2d 348, 354 (1985) (citing *Hutchinson v. Proxmire,* 443 U.S. 111, 1120 n. 9, 99 S.Ct. 2675, 2680 n. 9, 61 L.Ed.2d 411 (1979)). Furthermore, in the instant case there are factual matters in dispute. Plaintiffs allege that Chief Mynczywor's prosecution of Mr. Greenberg was improperly motivated by small-town politics, supporting their allegations with reference to Chief Mynczywor's deposition. *See* Plaintiffs' Final Objection and Memorandum of Law in Opposition to Defendant[s'] Motion to Dismiss and for Summary Judgment at 905–06. Additionally, construed in the light most favorable to plaintiffs, the facts known to Chief Mynczywor—that a long-term rental was at issue, that plaintiffs' new address was known, that the complaining party had an interest in the outcome of the action, and that the alleged perpetrator of the "crime" had attempted unsuccessfully to contact the Chief—militate in favor of finding that indicia of criminal intent were absent and that a jury could reasonably find that Chief Mynczywor's motives for seeking the warrant were thus suspect. *See Hogan v. Robert H. Irwin Motors, Inc.,* 121 N.H. 737, 740–41, 433 A.2d 1322, 1325 (1981).

With reference to summary judgment, a dispute of fact is considered "material" if it "affects the outcome of the litigation," *Finn v. Consolidated Rail Corp., supra,* 782 F.2d at 15 (quoting *Pignons S.A. de Mecanique v. Polaroid Corp.,* 657 F.2d 482, 486 (1st Cir.1981)), and "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc., supra,* 106 S.Ct. at 2510. Whether Chief Mynczywor's prosecution of Mr. Greenberg was motivated by malice is clearly material, genuine, and in dispute. Accordingly, summary judgment is inappropriate. Defendants' motion is denied as to Count I.

### Conclusion

Plaintiffs' motion to amend the complaint (document no. 34) is granted in full.

With regard to defendants' motion for summary judgment (document no. 18), the Court rules as follows:

Count I—the motion is denied;

Count II—the motion is granted in favor of Chief Mynczywor as to federal claims brought against him in his official capacity, but denied as to federal claims brought against him in his personal capacity and denied as to state law claims brought against him in both his personal and his official capacities;

Count III—the motion is granted in favor of Alton as to federal claims, but denied as to state law claims;

Because defendants' motion did not address the claims made in Counts IV and V and plaintiffs' claim for enhanced and punitive damages, defendants' motion is herewith denied as to those claims.

SO ORDERED.