Pichowicz v. Atlantic Richfield      CV-92-388-M    02/08/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Nicholas and Joan Pichowicz, Plaintiffs,
and NH VT Health Service,
     Intervenor-Plaintiff,

     v.                                    Civil No. 92-388-M

Atlantic Richfield,
     Defendant/Counter-Claimant, and
Stephen Bronstein; James Fokas;
and Herbert Miller, Defendants/
     Cross-Claimants/Counter-Defendants.


                          O R D E R


     Plaintiffs, Nicholas and Joan Pichowicz, have sued
defendants, Pearl Hoyt, et al., seeking compensation for damage
to their property caused by defendants' alleged release of
contaminants.  In an order dated January 4, 1995, the magistrate
judge denied defendants' motion for leave to amend their answer
to assert the affirmative defense of contractual release from
liability.

     The proposed affirmative defense is based on a "General
Release" (the "Release") that plaintiffs allegedly gave
defendants in 1988 in settlement of a prior lawsuit.  Defendants
obtained a copy of the Release from plaintiffs' counsel through
informal discovery in October 1995.  Prior to that date,
defendants claim they did not specifically recall the existence
of the Release or its terms and could not locate their own copy

of the Release.  Nor, it appears, were defendants' counsel aware of the Release before late 1995, not having represented defendants in the earlier lawsuit or settlement.

Pursuant to Fed. R. Civ. P. 72, defendants now appeal the magistrate judge's order and request this court to grant their motion for leave to amend.  For the reasons stated below, the defendants' motion for leave to amend is granted.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 72 governs objections to non-dispositive orders issued by a magistrate judge:  "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be <u>clearly erroneous</u> <u>or contrary to law</u>."  Fed. R. Civ. P. 72(a) (emphasis added).[1]  A magistrate judge's factual finding is considered clearly erroneous when it is contrary to the "clear weight of the evidence or when the court has a definite and firm conviction

---

[1] Defendants argue that this court should employ the less deferential <u>de</u> <u>novo</u> standard that Fed. R. Civ. P. 72(b) prescribes for review of a magistrate judge's report and recommendation on a <u>dispositive</u> pretrial matter.  Because, in this case, the magistrate judge's order must be reversed even under the more deferential standard of review applicable to non-dispositive matters, the court need not decide whether defendants' motion to amend to assert a potentially dispositive affirmative defense constitutes a dispositive pretrial matter under Fed. R. Civ. P. 72(b).

that a mistake has been committed." Hayden v. Graystone, No. C93-112-JD, slip op. at 2 (D.N.H. Aug. 30, 1995) (DiClerico, C.J.) (quotation omitted).

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs leave to amend pleadings: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Executive Leasing Corp. v. Banco Popular, 48 F.3d 66, 71 (1st Cir. 1995).

Plaintiffs do not claim, nor did the magistrate judge find, bad faith, dilatory motive, or repeated failure to cure deficiencies on the part of defendants. In addition, the magistrate judge correctly concluded that the proposed amendment is not futile. The Release is facially broad, and, absent clear and convincing evidence that it does not express the parties'

3

intentions — evidence lacking here — it would normally be given full effect under New Hampshire law. <u>Maltais v. National Grange Mut. Ins. Co.</u>, 118 N.H. 318, 320 (1978). Rather, the magistrate judge based his denial of defendants' motion to amend on a finding that defendants' undue delay in moving to amend their answer would prejudice plaintiffs if the motion for leave to amend were granted.

Delay, standing alone, is usually an insufficient basis on which to deny leave to amend. <u>Greenberg v. Mynczywor</u>, 667 F. Supp. 901, 905 (D.N.H. 1987) (citing <u>Carter v. Supermarkets Gen'l Corp.</u>, 684 F.2d 187, 192 (1st Cir. 1982)). However, "unseemly delay, <u>in combination with other factors</u>, may warrant denial of a suggested amendment." <u>Quaker State Oil Ref. v. Garrity Oil Co.</u>, 884 F.2d 1510, 1517 (1st Cir. 1989) (emphasis added). Specifically, the "district court must consider prejudice to the opposing party." <u>Greenberg</u>, 667 F. Supp. at 905. Prejudice is present when the amendment would require the non-movant to expend significant <u>additional</u> resources to conduct discovery and prepare for trial, <u>Block v. First Blood Assoc.</u>, 988 F.2d 344, 350 (2d Cir. 1993), or deprive the non-movant of the opportunity to present facts or evidence. <u>Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.</u>, 776 F. Supp. 181, 186 (E.D. Pa. 1991) (citing <u>Foman</u>, 371 U.S. at 182.).

4

The magistrate judge based his conclusion that defendants' tardy amendment would prejudice plaintiffs on two findings: (1) that plaintiffs had already expended considerable resources in preparing this case; and (2) that "discovery closes in less than sixty days." (Order at 6.) The first finding, while certainly unassailable, does not speak to the type of prejudice contemplated by Rule 15, and the second finding is incorrect due to an oversight.

The parties have undoubtedly spent much time and money litigating this case. But the real question is whether permitting defendants to add an affirmative defense at this point will prejudice plaintiffs by requiring them to expend significant additional resources. Implicit in the magistrate judge's ruling is a determination that had the Release been asserted earlier plaintiffs may not have gone forward to this point and now, having made the trek, should not have their efforts rendered futile by the late interposition of a valid defense. That approach, however, ignores the fact that plaintiffs signed and delivered the Release in 1988, knew of its existence throughout this litigation, and possessed a copy of the Release as well. Indeed, prior to October 1995, when defendants specifically requested and received a copy of the Release from plaintiffs, plaintiffs' counsel had independently researched the applicability and effect of the Release on the present

5

litigation. Therefore, plaintiffs cannot claim to be either surprised by the existence of the Release or by defendants' belated reliance on it. The only likely surprise to plaintiffs is that defendants did not invoke the Release long ago. In any event, surprised or not, invocation of the Release should not require plaintiffs to expend significant additional resources.

Any prejudice that plaintiffs might suffer is fairly well mitigated by the fact that discovery need not be completed until September 1, 1996. Originally, the discovery deadline was set for March 1, 1996, the closing date the magistrate judge apparently relied on in denying defendants leave to amend. However, the record discloses that on October 11, 1995, the court granted a joint motion to extend the discovery deadline by six months (document no. 70). Thus, plaintiffs have nearly seven months from the date of this order to conduct discovery relating to defendants' new affirmative defense, and they have nearly nine months prior to trial to conduct any necessary additional research on the effect of the Release. Defendants have also indicated their willingness to consent to reasonable extensions requested by plaintiffs, though none should be necessary.

Finally, allowing defendants to amend their answer to include the affirmative defense of release is consistent with the purpose and spirit of Fed. R. Civ. P. 15 — that, whenever

6

possible, cases should be determined on their merits.  <u>Foman</u>, 371 U.S. at 181-82.

## III. CONCLUSION

Defendants' motion for leave to amend (document no. 73) is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

February 8, 1996

cc:   Linda J. Argenti, Esq.
      Joseph G. Abromovitz, Esq.
      M. Ellen LaBrecque, Esq.
      Charles P. Bauer, Esq.
      Peter S. Wright, Jr., Esq.
      Thomas H. Richard, Esq.